# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONALD GARRIS, Jr., | : | |
| Petitioner, | : | Civ. No. 21-14466 (RBK) |
| v. | : | |
| WARDEN BERGAMI, | : | **MEMORANDUM & ORDER** |
| Respondent. | : | |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Presently pending before this Court is Petitioner's motion for the appointment of pro bono counsel. (*See* Dkt. No. 6). For the following reasons, Petitioner's motion for the appointment of counsel is denied without prejudice.

Petitioner does not have a right to counsel in habeas proceedings. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where the petitioner is financially eligible and "the court determines that the interests of justice so require ..." In *Reese*, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263-64.

Petitioner has not yet shown that he is financial eligible for this Court to exercise its discretion to appoint counsel. Indeed, he paid the filing fee in this case. Thus, this Court will deny Petitioner's motion at this time. The Clerk though shall send Petitioner a blank application

to proceed *in forma pauperis* which could potentially show his financial eligibility to allow this Court to exercise its discretion to appoint counsel. Should Petitioner then be awarded *in forma pauperis* status, he may then refile any motion seeking the appointment of pro bono counsel. Given this denial, Petitioner shall have an additional sixty (60) days from the date of this order in which to file any reply in support of his habeas petition should he elect to do so.

Accordingly, IT IS on this 22nd day of February, 2022,

ORDERED that Petitioner's motion for the appointment of pro bono counsel (Dkt. No. 6) is denied without prejudice; and it is further

ORDERED that Petitioner may file any reply in support of his habeas petition within sixty (60) days of the date of this order; and it is further

ORDERED that the Clerk shall send to Petitioner by regular U.S. mail: (1) a copy of this memorandum and order; and (2) a blank copy of the application by a prisoner to proceed *in forma pauperis* in a habeas corpus case (DNJ-ProSe-007-B-(Rev. 09/09)).

        s/ Robert B. Kugler
        ROBERT B. KUGLER
        United States District Judge