UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD GARRIS, Jr., : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> WARDEN BERGAMI, : <br> : <br> Respondent. : | Civ. No. 21-14466 (RBK) <br><br><br> **OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

I.     INTRODUCTION

       Petitioner, Ronald Garris, Jr. ("Petitioner" or "Garris"), is a federal prisoner currently incarcerated at F.C.I. Fairton in Fairton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (*See* ECF 1). Petitioner argues in his habeas petition that the Federal Bureau of Prisons ("BOP") is improperly calculating the length of his sentence. For the following reasons, Petitioner's habeas petition is denied.

II.     FACTUAL AND PROCEDURAL BACKGROUND

       On June 22, 2013, Petitioner was arrested by New Jersey state authorities related to a charge for hindering prosecution/providing false information to law enforcement. (*See* ECF 11-2 ¶ 3). He was released from state custody on July 31, 2023. (*See id.*). Petitioner was subsequently re-arrested by New Jersey state authorities on September 17, 2013 related to a charge for conspiracy to engage in human trafficking. (*See id.*).

       Petitioner subsequently received federal criminal charges. On May 1, 2015, while Petitioner remained a pretrial detainee on his state charges, the State of New Jersey released Petitioner from their custody to the custody of the United States government related to his

federal charges. (*See* ECF 11-2 at 10). On December 9, 2015, Petitioner pled guilty in federal court to one count of knowingly harboring a juvenile to engage in a commercial sexual act in violation of 18 U.S.C. § 1591(b)(2). (*See* ECF 11-2 at 13-18). Petitioner received a twelve-year sentence on this conviction. (*See id.* at 14).

On January 29, 2016, Petitioner received a total aggregate sentence of fourteen-years imprisonment on his state charges. (*See* ECF 11-2 at 20-26). That fourteen-year sentence was to run concurrent to Petitioner's federal sentence.

The BOP calculated Petitioner's federal sentence as beginning on December 9, 2015. The BOP applied prior custody credit to Petitioner's federal sentence to include the time between June 22, 2013 and July 31, 2013 as well as between May 2, 2015 and December 8, 2015.

Petitioner subsequently filed this federal habeas petition. Petitioner asserts that the BOP is improperly calculating his sentence. More specifically, he argues as follows:

> [i]f the time spent in custody from May 2, 2015 through December 8, 2015 is attributed only to my non-federal sentence than any non-federal new EFT [effective full-term] will become earlier than my new EFT of my current federal sentence after application of all qualified state presentence time and I will be eligible for Kayfez v. Gasele, 993 F.3d 1288 (7th Cir. 1993).

(ECF 1 at 9-10). Respondent opposes Petitioner's habeas petition. (*See* ECF 11). Petitioner has filed a reply in support of his habeas petition. (*See* ECF 13).

### III.  DISCUSSION

Petitioner asserts that the BOP is improperly calculating his federal sentence based on his prior presentence custody time. More specifically, Petitioner asserts that the BOP has improperly calculated his sentence pursuant to *Kayfez*.

Claims that the BOP has failed to properly calculate a sentence are cognizable in petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Burkey v. Mayberry*, 556 F.3d 142,

146 (3d Cir. 2009) (citations omitted) ("A challenge to the BOP's execution of a sentence is properly brought under 28 U.S.C. § 2241."). Whether the petitioner is entitled to credit for custody prior to the commencement of his federal sentence is governed by 18 U.S.C. § 3585(b), which states:

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

The United States Supreme Court has held that under § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992); *also see United States v. Mojabi,* 161 F. Supp. 2d 33, 36 (D.Mass. 2001) (holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence"). However, the BOP has a limited exception to the rule against double credit in accordance with the decision in *Kayfez* that Petitioner seeks to invoke in this case. As explained by one District Court in this Circuit:

> [p]ursuant to *Kayfez,* the BOP will grant to a federal prisoner an amount of qualified double credit if the following conditions are present: (1) the non-federal and federal sentences are concurrent*;* (2) the raw effective full term ("EFT") date of the non-federal term is later than the raw EFT of the federal term; and (3) the non-federal raw EFT, after application of qualified non-federal presentence time, is reduced to a date that is earlier than the federal raw EFT date.

3

*Lemons v. Quintana*, No. 08-87, 2010 WL 4388066, at *9 n.12 (W.D. Pa. Oct. 29, 2010) (citation omitted).

At issue in this case is whether Petitioner may invoke *Kayfez* and its progeny for the period of time he was in presentence federal custody from May 2, 2015 to December 8, 2015. As Respondent notes, however, Petitioner was already awarded federal sentence credit on his federal sentence from May 2, 2015 to December 8, 2015 because he was in *federal presentence* custody at that time. Thus, the appropriate amount of qualified non-federal presentence time is 592 days from his non-federal raw EFT date of January 28, 2030, as opposed to the 813 days Petitioner seeks as May 2, 2015 to December 8, 2015 are not applicable for *Kayfez* calculation purposes. *See, e.g.*, *Grigsby v. Bledsoe*, 223 F. App'x 486, 489 (7th Cir. 2007) (noting petitioner's reliance on *Kayfez* is misplaced because the time for which he seeks credit was not time spent in nonfederal presentence custody); *Files v. United States*, No. 21-94, 2022 WL 2541913 at *4 n.9 (E.D. Va. July 7, 2022) (noting inapplicability of *Kayfez* when petitioner already received credit for his presentence custody). Subtracting 592 days to Petitioner's non-federal adjusted EFT (January 28, 2030) puts Petitioner at June 15, 2028 – or still later than Petitioner's raw federal EFT of December 8, 2027. Accordingly, *Kayfez* does not help Petitioner in this case.

## IV.  CONCLUSION

For the foregoing reasons, Petitioner's habeas petition is denied. An appropriate order will be entered.

DATED: July 25, 2023                              s/ Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge